Peter Obstler, (171623)
peter.obstler@aporter.com
Marjory Gentry, (240887)
marjory.gentry@aporter.com
ARNOLD & PORTER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
 Telephone:   415.471.3100
 Facsimile:    415.471.3400

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA McGARVEY, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>JPMORGAN CHASE; and DOES 1 through 100 inclusive,<br><br>　　　　　　Defendants. | Case No.: 2:13-cv-1099-KJM-EFB<br><br>**JOINT STATUS REPORT**<br><br>Date:　　October 1, 2015<br>Time:　　2:30 p.m.<br>Place:　　Courtroom 3, 15th Floor<br>Judge:　　Hon. Kimberly J. Mueller |

Pursuant to the Court's Order dated August 31, 2015 plaintiff Barbara McGarvey ("Plaintiff") and defendant JPMorgan Chase Bank, N.A. ("Chase") hereby respectfully submit this Joint Status Report.

## I. CASE SUMMARY

### A. Plaintiff's Case Summary

Plaintiff Barbara McGarvey inherited the home where she lived with her mother after her mother died in 2004. She made timely payments on the mortgage for five years. When she experienced financial hardship, she applied for a loan modification with defendant Chase. Chase considered Plaintiff's multiple modification applications, accepted partial payments, and offered a trial modification contract that promised a permanent modification (under which Plaintiff made, and Chase accepted, all three trial payments). This and other conduct created an implicit promise that Chase would genuinely consider her for a loan modification, and not deny her solely on the ground that she was not the original borrower. Nonetheless, Chase denied her a modification on that ground, and foreclosed.

Plaintiff's First Amended Complaint, filed on October 30, 2013, alleges causes of action for 1) Negligence and 2) unfair and unlawful business practices, in violation of Bus. & Prof. Code § 17200, on behalf of Plaintiff and a putative class. It alleges that Chase's practice of leading homeowners on through the modification process while failing to communicate that the homeowners can never qualify for modification (or alternately or intermittently refusing to communicate at all on the ground that the homeowner is not the dead borrower) is fundamentally unfair, and contrary to public policies embodied in state and federal law and regulations that favor modification and protect heirs and other successors in interest from foreclosure. The Complaint seeks injunctive relief, actual and statutory damages, restitution, and costs and attorney's fees.

Through discovery Plaintiff learned that due to the type of loan at issue in this case, she would never have been able to assume, and therefore, modify the subject loan.

As a result, Plaintiff chose not to seek class certification. On June 16, 2015, Plaintiff filed a notice with the Court that she has elected to proceed on an individual basis only and will not seek to

represent a class in this Action.  Plaintiff now intends to file a motion to amend her complaint based on information obtained through discovery.

### B. Chase's Case Summary

As discovery in this Action has established Plaintiff's alleged experience in attempting to assume and modify her deceased mother's loan was a unique situation created by virtue of the loan that Plaintiff's mother obtained from Washington Mutual.  Indeed, the only reason that Plaintiff's mother was sent the alleged "trial modification" offer was as a result of a clerical error, despite Chase's policies and procedures designed to avoid the mailing of such documents where Chase was aware that the borrower on the loan was deceased.  Chase also vigorously disputes many of the allegations of the Complaint, including the allegations concerning what Plaintiff was told about her options, or lack thereof, for seeking to assume and/or modify her mother's loan.

While Chase continues denies any wrong-doing, in the interest of conserving valuable resources of both the Court and the parties Chase has offered to settle this case for an amount that would return to Plaintiff all of the partial payments (which total approximately $2,300) that Plaintiff alleges were made in connection with her efforts to obtain a modification of her mother's loan along with pre-judgment interest.

## II. SERVICE

All parties have been served.

## III. JOINDER

Pursuant to the Court's December 12, 2013 scheduling order, all Doe defendants in this Action have been dismissed and no further joinder of parties are permitted without leave of the Court. Dkt. 31.

## IV. AMENDMENT OF PLEADINGS

Pursuant to the Court's December 12, 2013 scheduling order, no further amendments to the pleadings are permitted without leave of the Court. Dkt. 31.  In February 2015, Plaintiff requested that Chase stipulate to the filing of a Third Amended Complaint to add additional, unspecified, claims to the Action.  Chase declined to so stipulate.  To date, Plaintiff has not moved for leave of the Court to amend her operative Complaint.

Plaintiff intends to move for leave to file an amended complaint based on information learned in discovery. Plaintiff intends to so move for leave by October 9, 2015.

Chase intends to oppose Plaintiff's request for leave to file an amended complaint both on procedural and merits based grounds, including on the grounds of undue delay given that Plaintiff has stated since at least February 2015 that she intended to file an amended complaint in connection with this action that has been pending since April 15, 2013 and yet has failed to do so for over seven months.

Plaintiff disputes the factual statement made in the preceding paragraph because it lacks basis in fact and is entirely improper to include in a joint status statement. Despite Plaintiff's request to remove this improper language Chase refuses to do so. Plaintiff's counsel's signature below is in no way an indication that Plaintiff's counsel agrees with the purported factual basis stated in the preceding paragraph ("…that Plaintiff has stated since at least February 2015 that she intended to file an amended complaint in connection with this action that has been pending since April 15, 2013 and yet has failed to do so for over seven months.")

## V. JURISDICTION AND VENUE

The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1332(d)(2). Venue is proper under 28 U.S.C. § 1392(b)(2).

## VI. ANTICIPATED DISCOVERY

### A. Initial Disclosures

The parties have exchanged Rule 26(a) initial disclosures.

### B. Discovery Schedule

Discovery is virtually complete in this Action and no discovery has occurred since January 2015. Before discovery in this Action ceased, the parties participated in written discovery and Chase has produced voluminous documents in response to Plaintiff's three sets of requests for production. Plaintiff has taken the deposition of a Chase representative who reviewed the loan for possible modification, as well as the deposition of a Chase representative, pursuant to Federal Rule of Civil Procedure 30(b)(6), on ten topic areas. Chase has taken Plaintiff's deposition and the deposition of one third-party witness. Chase has attempted to take the deposition of one further

third-party witness, Plaintiff's roommate who was the individual who actually engaged in the majority of the communications with Chase that form the basis of Plaintiff's Complaint. This individual failed to appear pursuant to the subpoena served on her and Chase intends, in the event that this Action is not resolved, to seek to compel the third-party's attendance at a deposition.

Plaintiff anticipates further, though limited, written discovery based on Plaintiff's amended claims as discussed below. Plaintiff anticipates that this further discovery can be completed by April 29, 2016.

Having not yet been provided with Plaintiff's proposed amendment to her Complaint, Chase cannot fully anticipate what, if any, additional discovery may be necessary should the Court grant Plaintiff leave to file an amended complaint. It is likely however, in the event a Third Amended Complaint is filed that Chase will seek leave to re-open Plaintiff's deposition to address any newly added allegations, as well as taking additional written and third party discovery. Based on the current status of discovery Chase contends that absent an amendment to the Complaint, discovery can and should be completed by December 4, 2015, which is over two-years since the Court's initial scheduling order. In the event that the Court grants Plaintiff leave to amend her Complaint, Chase contends that the discovery deadline should be extended only until February 15, 2016.

## VII. CONTEMPLATED MOTIONS

Plaintiff intends to file a motion to amend her complaint based on information discovered in discovery. Plaintiff's new claims include violations of the Rosenthal Fair Debt Collection Practices Act and Intention Infliction of Emotional Distress. Plaintiff intends to file this motion to amend by October 9, 2015.

Chase intends to explore all avenues available to it to attempt to efficiently resolve this dispute given the *de minimus* amount of damages at issue, including dispositive motion(s) seeking to dispose of some or all of Plaintiff's claims. In the event that Plaintiff is granted leave to file an amended complaint, Chase anticipates filing a motion to dismiss. Chase also intends to bring a motion to compel the attendance of a third-party witness who failed to appear for deposition pursuant to a subpoena.

## VIII. NARROWING OF ISSUES

Based on Plaintiff's election not to proceed with her class claims, the issues in this litigation have been substantially narrowed. The parties do not currently anticipate any further narrowing of the issues in this Action.

## IX. PRETRIAL CONFERENCE

Currently no pretrial conference for this action has been set. The parties respectfully requests that a pretrial conference be scheduled 30-days prior to the trial date in this action.

## X. TRIAL DATE

Plaintiff has demanded a jury trial. Currently no trial date has been scheduled.

Depending on the results of the Motion to Amend, Plaintiff requests that trial be set no earlier than July 2016, to allow for dispositive motions.

Chase respectfully requests that trial be set as soon as practical and contends that even if Plaintiff is granted leave to file a Third Amended Complaint that this Action, pending over two-and-half years, can and should be set for trial before July 2016.

The parties currently estimate that trial in this action will last 2-3 days.

## XI. CONSENT TO MAGISTRATE AND SPECIAL PROCEDURES

The parties do not believe this case warrants any special procedures at this time. Chase does not consent to proceed before a magistrate judge with respect to dispositive motions or trial.

## XII. MODIFICATION OF PRETRIAL PROCEDURES

The parties do not presently propose modifying pre-trial procedures.

## XIII. RELATED CASES

The parties are aware of no related cases.

## XIV. SETTLEMENT AND MEDIATION

The Court's most recent scheduling order set a deadline of February 6, 2015 for the parties to complete mediation. Because the parties were engaged in active settlement discussions throughout January and February 2015, the parties did not participate in formal mediation.

Based on the operative Complaint, Chase contends that the amount at issue in this Action is well less than $10,000. Given the relatively small amount of money at issue, the fact that the parties

have been unable to informally resolve this Action, and Plaintiff's refusal to engage in any meaningful settlement discussions, Chase respectfully requests that the Court enter an order requiring the parties to participate in a Court Settlement Conference as soon as possible, pursuant to Local Rule 270.  Plaintiff opposes this request.

## XV. OTHER ISSUES

None.

Dated:  September 24, 2015                              LAW OFFICE OF ERIC ANDREW MERCER


By: /s/ Eric Andrew Mercer (as authorized on 9/24/15)
    ERIC ANDREW MERCER
    Attorney for Plaintiff


Dated:  September 24, 2015                              ARNOLD & PORTER LLP


By:   __/s/Peter Obstler_____
    Peter Obstler
    Marjory Gentry
    Attorneys for Defendant
    JPMORGAN CHASE BANK, N.A.